IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL T. DAWSON and DAWN C. DAWSON, individually and as guardians for HAILEE C. DAWSON, a minor, | : : : : : | No. 4:09-CV-0036 Judge Jones |
| Plaintiffs | : : | Magistrate Judge Mannion |
| v. | : : | |
| AYODEJI O. BAKARE, M.D., *et al.*, Defendants | : : | |

## MEMORANDUM

July 6, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 24) which recommends that the plaintiffs' Motion to Remand (Doc. 8) be granted and the plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 7) be denied as moot. No objections to the R&R have been filed.[1]

When no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to

---

[1] Objections were due on or before April 24, 2009. To this date, none have been filed.

1

dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court").

As noted above, no objections to the R&R have been filed. Because the Court agrees with the sound reasoning of the Magistrate Judge, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, the Court will not rehash the reasoning of the Magistrate Judge. Rather, we attach a copy of the R&R, as it accurately reflects our consideration and resolution of the matter. An appropriate order will be entered.

*Obj due by 4/24/09*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL T. DAWSON, <br> DAWN C. DAWSON, individually, <br> and as guardians for, HAILEE C. <br> DAWSON, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> AYODEJI O. BAKARE, M.D.; <br> BAKARE, DEJI OBGYN <br> ASSOCIATES, INC.; BAKARE <br> ASSOCIATES, LLC, <br><br> Defendants. | CIVIL ACTION NO. 1:09-0036 <br><br> (JONES, D.J.) <br> (MANNION, M.J.) |

## REPORT AND RECOMMENDATION

Presently before the Court are plaintiffs' Motion for Leave to File an Amended Complaint (the "Motion to Amend"), (Doc. No. 7), and plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (the "Remand Motion"), (Doc. No. 8). For the reasons elaborated below, **IT IS RECOMMENDED THAT** the Remand Motion be **GRANTED**, and that the Motion to Amend be **DISMISSED** as moot.

I.   FACTUAL AND PROCEDURAL BACKGROUND

As the relevant facts and procedural background are not contested, the Court only briefly mentions them. This medical malpractice action was brought by plaintiffs against the three named defendants on December 8,

1

2008 in the Court of Common Pleas, Dauphin County, Pennsylvania. (Doc. No. 1 at 1.) The three defendants include: (1) Ayodeji O. Bakare, M.D., ("Dr. Bakare"); (2) Bakare, Deji Obgyn Associates, Inc.; and (3) Bakare Associates, LLC (the latter two defendants, collectively, the "corporate defendants"). Defendant Dr. Bakare filed a notice of removal in the Middle District of Pennsylvania. The Notice of Removal was filed on January 8, 2009 by Dr. Bakare's attorney and on his behalf. (Doc. No. 1 at 1, 3.) When Dr. Bakare's attorney, filed a notice of appearance, (Doc. No. 15), he did so exclusively on behalf of Dr. Bakare. To date, although the record indicates that the corporate defendants were served, (Doc. No. 2 at 18), no filing on the Court's docket indicates that they have representation or that they have joined in the notice of removal or in any other filing on this matter. *See, e.g.*, Doc. No. 3 (answer filed by Dr. Bakare); Doc. No. 16 (opposition brief filed by Dr. Bakare). Likewise, there is nothing in the record alleging that Dr. Bakare is the alter-ego of the corporate defendants – e.g., the sole stockholder or member, the sole director, the sole officer, and the sole employee of each entity. Finally, Dr. Bakare, the proponent of federal subject matter jurisdiction, in his notice of removal, has affirmed that he is a citizen and resident of Pennsylvania, and that defendant Bakare, Deji Obgyn Associates, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania, and that defendant Bakare Associates, LLC is a Pennsylvania limited liability corporation with its principal place of

2

business in Pennsylvania.

Jurisdiction to remove is asserted by Dr. Bakare under the removal statute, 28 U.S.C. § 1441 *et seq.*, and under the diversity statute, 28 U.S.C. § 1332. (Doc. No. 1 at 2-3.) Plaintiffs seek to amend their complaint, (Doc. No. 7), and have also brought a motion to remand, (Doc. No. 8). The Remand Motion is supported by a brief, (Doc. No. 14), to which (only) Dr. Bakare filed an opposition. (Doc. No. 16). The plaintiffs have filed a reply. (Doc. No. 20).

## II. LEGAL ANALYSIS

Grants of federal jurisdiction, including removal jurisdiction, are construed narrowly. As plaintiffs argue, 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action [e.g., brought under a federal district court's diversity jurisdiction] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Here, defendant Dr. Bakare asserts only diversity jurisdiction as a basis for removal, 28 U.S.C. § 1332, while at the same time alleging that he is a Pennsylvania citizen and that the corporate defendants are Pennsylvania entities – making them Pennsylvania citizens under the diversity statute.

3

See 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title – a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...."). Thus there is no diversity or removal jurisdiction on these facts. *See* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][e], at 107-75 (3d 2008) (noting that absent a federal question, "[r]emoval is permissible only if none of the ... defendants is a citizen of the state in which the action is filed"). To the extent that the defect in Bakare's removal petition (i.e., the presence of one or more in-state defendants) is procedural, rather than jurisdictional, that procedural defect was validly opposed by plaintiffs' timely[1] motion to remand and supporting brief. (Doc. No. 8 (motion), Doc. No. 14 (brief).) *See* 28 U.S.C. § 1447(c) (providing 30 days for filing objections to removal); *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995) (Sloviter, C.J.) (holding that a district court may not address *sua sponte* the issue of the presence of an in-state defendant in a removed action, as such a challenge to removal is merely procedural, rather than jurisdictional).

Second, as the plaintiffs argue all defendants must consent to effectuate removal. Here, the corporate defendants have not joined the notice of removal. That too arguably defeats removal. *See* 28 U.S.C.

---

[1] Here the notice of removal was served January 8, 2009, and the Remand Motion was served on February 6, 2009, within 30 days.

4

§ 1446(a); <u>Pocono Springs Civic Asso., Inc. v. Rich One, Inc.</u>, Civ. A. No. 00-2034, 2001 WL 114390, at *2 (M.D. Pa. Jan. 29, 2001) (Vanaskie, C.J.) (holding that "the fact that [defendant] Pitti is the sole shareholder, director, and officer of Rich One does not allow an assumption that when Pitti filed a Notice of Removal, it was also on behalf of Rich One. A defendant must clearly and unambiguously join in or otherwise consent to the removal petition of a co-defendant.") (quotation marks omitted); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.11[1][c], at 107-36 (3d 2008) ("In general, all defendants must join in the notice of removal.").

Finally, the complaint was filed in state court on December 8, 2008, but the notice of removal was served on January 8, 2009 – thirty-one days later. It appears that removal was not timely. See 28 <u>U.S.C. § 1446(b)</u> (providing that notice of removal must be "filed within thirty days"); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.30[3][a][i][A], at 107-187 (3d 2008). To the extent that this defect is jurisdictional, the Court may consider it *sua sponte*. To the extent that it is a mere procedural defect, the Court's inquiry is supported by plaintiff's Remand Motion, albeit supporting remand on other grounds.

III. **CONCLUSION**

For the reasons elaborated above, **IT IS RECOMMENDED THAT:**

(A) the Motion to Remand Pursuant to 28 U.S.C. § 1447(c) be

5

**GRANTED**, (Doc. No. 8);

and,

(B) the Motion for Leave to File an Amended Complaint be **DISMISSED** as moot, (Doc. No. 7).[2]

            s/ *Malachy E. Mannion*
            **MALACHY E. MANNION**
            **United States Magistrate Judge**

**Dated: April 7, 2009**

O:\shared\REPORTS\2009 Reports\09-0036-01.wpd

---

[2] Because the Court has reached a final determination in regard to both outstanding motions without the need to hold a hearing, the previously scheduled April 8, 2009 hearing, (Doc. No. 19), was cancelled by separate order. (Doc. No. 23.)